# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHER THOMPSON, et al., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| AMERICAN AIRLINES GROUP, INC., a Delaware Corporation, f/k/a AMR Corporation, and AMERICAN AIRLINES, INC., a Delaware Corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 14 cv 7980

Judge Sharon Johnson Coleman

## MEMORANDUM OPINION AND ORDER

Plaintiffs are twenty-six retired flight attendants who filed a five-count Amended Complaint, alleging breach of contract, promissory estoppel, negligent misrepresentation, fraudulent misrepresentation, and tortious interference with contract against defendants American Airlines Group, Inc., and American Airlines, Inc., (collectively "American Airlines") for altering plaintiffs' boarding priority status for travel benefits.[1] American Airlines moves to dismiss [21] the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the reasons stated herein, the Court grants the motion.

**Background**

Plaintiffs and class members are those individuals who have retired or have otherwise separated from American Airlines prior to January 2, 2014, who were granted the boarding priority designation "D2" at the time of their separation from American Airlines. The proposed class

---

[1] The named plaintiffs are purporting to represent a nationwide class of plaintiffs pursuant to Federal Rule of Civil Procedure 23.

1

includes: individuals who retired at the age of 55 years or older and had 10 or more years of company seniority; individuals who severed employment with a minimum of five years of occupational seniority whose age plus years of occupational seniority equals forty; individuals who accepted travel separation packages for unlimited D2 travel for a certain block of time; individuals who left employment under the Special Voluntary Early Out Retirement Packages from 1994-1995; and other retired and/or separated employees who were given, in accord with American Airlines' corporate policy, the same travel classification that they had immediately prior to leaving their positions.

Plaintiffs assert that American Airlines diminished their travel benefits beginning September 10, 2014, by creating the new travel priority designation "D2R" indicating the plaintiffs' status as a retired former employee, related to a retiree, or otherwise associated with a retiree for purposes of travel priority. The creation of the new category of D2R was negotiated as part of the 2013 merger of American Airlines and US Airways. Plaintiffs allege that the new category of travel priority is a demotion and violates corporate policy, manuals, early retirement agreements and travel separation agreements. Defendants assert that the Collective Bargaining Agreement ("CBA") entered by the Flight Attendants Union gives American Airlines the authority to amend corporate policy and travel benefits.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000); *Hay v. Ind. State Bd. of*

2

*Tax Comm'Rs*, 312 F.3d 876, 879 (7th Cir. 2002). However, when reviewing a defendants Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**Discussion**

American Airlines moves to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction because the claims are "minor disputes" that require interpretation of an airline collective bargaining agreement and therefore the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.* vests exclusive jurisdiction in the board of adjustments. *See Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R.,* 373 U.S. 33, 36-38 (1963).

The RLA provides a comprehensive framework for resolving labor disputes in the railroad and airline industries. *Brown v. Illinois Central Railroad Co.,* 254 F.3d 654, 658 (7th Cir. 2001) (citing *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 252, 129 L. Ed. 2d 203, 114 S. Ct. 2239 (1994)). The RLA differentiates between major disputes, *i.e.* disputes involving the formation or effort to secure a collective bargaining agreement, and minor disputes, that "grow out of grievances or out of the interpretation or application of agreements covering rates of pay, rule, or working conditions[,]" 45 U.S.C. § 151a, and "involve controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." *Hawaiian Airlines,* 512 U.S. at 252, 253. Minor disputes must be adjudicated through the employer's internal procedures or by the union's adjustment board. 45 U.S.C. § 184; *Brown*, 254 F.3d at 658 (quoting *Monroe v. Missouri Pacific R.R. Co.,* 115 F3d 514, 516 (7th Cir. 1997). When the resolution of the plaintiff's claim requires interpretation of the CBA it is

3

properly characterized as a minor dispute and therefore subject to mandatory and exclusive arbitration under the RLA. *Brown*, 254 F.3d at 658. Claims will be preempted if they cannot be adjudicated without interpreting the CBA, or if they can be "conclusively resolved" by interpreting the CBA. *Id.* (citing *Hawaiian Airlines*, 512 U.S. at 261-62, and *Consolidated Rail Corp. v. Ry. Labor Executives' Ass'n,* 491 U.S. 299, 305, 105 L. Ed. 2d 250, 109 S. Ct. 2477 (1989)).

Plaintiffs assert that the RLA does not preempt their state law claims because their claims do not require interpretation of the CBA. Count I alleges that American Airlines breached its manuals, trip book, corporate policy, early retirement agreements, and travel separation agreements by altering plaintiffs' travel priority status. To state a claim for breach of contract under Illinois, plaintiffs must allege four elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 814 N.E.2d 960, 967, 286 Ill. Dec. 734 (1st Dist. 2004)).

Count II alleges that American Airlines represented that employees would receive certain travel benefits and maintain their designated boarding priority classification. "To establish a claim [for promissory estoppel], the plaintiff must prove that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.,* 233 Ill. 2d 46, 906 N.E.2d 520, 523-24, 329 Ill. Dec. 322 (2009).

In Counts III and IV, plaintiffs allege negligent misrepresentation and fraudulent misrepresentation, respectively. In order for plaintiffs to prevail on a claim of fraudulent misrepresentation, they must establish "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting

4

from such reliance." *Doe v. Dilling*, 228 Ill. 2d 324, 342-343 (2008). Negligent misrepresentation has the same elements as fraudulent misrepresentation except that the defendant need not know that the statement is false if he carelessly or negligently fails to ascertain its falsity. *Id.* at 360. "For negligent misrepresentation, a plaintiff must also allege that the defendant owes a duty to the plaintiff to communicate accurate information." *Id.* (quoting *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 452, 546 N.E.2d 580, 137 Ill. Dec. 635 (1989)).

Count V asserts that American Airlines Group induced American Airlines to unjustifiably alter the travel benefits of retired employees. To prevail on their claim in Count V, plaintiffs must plead and prove intentional interference with contractual rights by showing: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract which causes a subsequent breach by the other; and (4) damages. *Mannion v. Stallings & Co.*, 204 Ill. App. 3d 179, 188, 561 N.E. 2d 1134 (1st Dist. 1990).

The RLA preempts all of plaintiffs' claims. The U.S. Supreme Court, in *Hawaiian Airlines*, observed that a state-law claim is preempted by the RLA only when the state claim "involve[s] duties and rights created or defined by [a] CBA" and is therefore "dependent on the interpretation of a CBA." 512 U.S. at 258, 262; *Wolfe v. BNSF Ry. Co.*, 749 F.3d 859, 863-864 (9th Cir. 2014). In contrast, "a state-law cause of action is not pre-empted by the RLA if it involves rights and obligations that exist independent of the CBA." *Id.* at 260. Here, each of plaintiffs' claims arguably involves rights created by the CBA. American Airlines asserts, and this Court agrees, that Article 27.D governing "pass benefits" creates the right to travel pass benefits. American Airlines argues that Article 27.D should be interpreted as permitting American Airlines to change the travel pass benefits because that section stipulates that such benefits are provided "in accordance with American Airlines Regulations." Despite plaintiffs' argument that their claims do not require

5

interpretation of any portion of the CBA, they urge the Court to interpret the language in Article 30.A.3, that travel benefits are "in lieu of any pass benefits the Flight Attendant may have been entitled to under existing Company policy…," to mean that American Airlines opted to exclude from the APFA/American CBA the issue of travel benefits for its flight attendants. A plain reading of that provision as well as the two other provisions of the CBA that address travel pass benefits indicates that American Airlines did not exclude the issue of travel benefits from the CBA.

The Court also notes that plaintiffs' original complaint contained the same factual basis: that defendants unjustifiably diminished plaintiffs' travel benefits by creating a new priority category, while it also alleged that defendants were violating the CBA. Recent case law considering whether the RLA preempts claims related to travel pass benefits for airline employees further illustrates that plaintiffs' efforts here to plead around RLA preemption are futile. In *Santiago v. United Airlines Inc.*, the plaintiff, a retired flight attendant with United Airlines sued the airline after a merger with Continental Airlines resulted in a change in boarding priority for retired employees. *Santiago v. United Airlines, Inc.*, No. 11 C 9109, 2014 WL 7403283, *1 (N.D. Ill. Dec. 29, 2014) (Feinerman, J.). After finding that the district court lacked jurisdiction to adjudicate the merits of Santiago's claims because they were "minor disputes" under the RLA, the district court refused to order arbitration because Santiago had not exhausted her remedies under the collective bargaining agreement. *Id.* at *6. While Santiago brought her claims as a violation of the collective bargaining agreement and the case is distinguishable for that reason, the similarity of the factual scenario and the court's finding that a change in boarding priority constituted a minor dispute under the RLA illustrate that the plaintiffs' here are attempting to avoid the jurisdictional component of the RLA.

In an even more closely analogous case, *Wyatt v. United Airlines, Inc.*, the plaintiff asserted that United Airlines breach the collective bargaining agreement by altering her boarding priority for travel benefits during her retirement and fraudulently represented that they would not modify travel

6

pass benefits during her retirement. *Wyatt v. United Airlines, Inc.*, No. 13 C 282, 2014 WL 3955078, *1 (E.D. N.C. Aug. 13, 2014). Wyatt also sought a declaratory judgment regarding whether United Airlines could unilaterally change promised retiree travel benefits. *Id.* The court found that the plaintiff's state law claims for breach of contract, fraud, and declaratory judgment were preempted by the RLA. *Id.* at *3. The court determined that her breach of contract claim expressly required interpretation of the collective bargaining agreement. *Id.* The court further found that Wyatt's fraud claim also required interpretation of the CBA. Wyatt's fraud claim closely mirrors the plaintiffs' claims here in that she asserted that United falsely promised her the she could retire with full pass travel benefits and those benefits would not be modified during her retirement. *Id.* United argued, as American Airlines does here, that the CBA permitted the airline to modify the pass travel program and thus its employees were on notice that the program was subject to change. *Id.* The court found that this claim required interpretation of the CBA, specifically whether it permitted United to change the pass travel program and whether it sufficiently provided notice to retirees that their benefits were subject to change. *Id.* Lastly, the court found that it did not have jurisdiction over the declaratory judgment claim for the same reason, that resolution of the issue was dependent on interpreting the CBA. *Id.* at *4. The court also rejected Wyatt's argument that her claims did not require interpretation of the collective bargaining agreement because she was induced to retire by promises contained in letters from United executive Glenn Tilton. *Id.* at *5.

In *De Vera v. United Airlines, Inc.,* the court similarly concluded that the plaintiff's breach of contract claim was preempted by the RLA. *De Vera v. United Airlines, Inc.*, No. 12 C 5644, 2014 WL 1266273, *10 (N.D. Cal. Mar. 24, 2014). De Vera asserted that the contract at issue was the airline's early out agreement and that the flight benefits were contained in that agreement which was not part of the collective bargaining agreement. *Id.* at *9. The court concluded that resolution of whether United could modify travel benefits for retirees would require interpretation of the travel pass

7

benefits provisions of the CBA to determine if it permitted the changes for retirees. *Id.* A similar conclusion was reached by the Tenth Circuit Court of Appeals in *Ertle v. Continental Airlines, Inc.,* 136 F.3d 690, 694 (10th Cir. 1998).

**Conclusion**

Based on the foregoing, this Court finds that resolution of plaintiffs' claims turns on whether the CBA allowed American Airlines to modify the travel pass benefits. Therefore, the RLA preempts plaintiffs' claims, which must be submitted through the framework provided by the RLA and submitted to the adjustment board. American Airlines' motion to dismiss [21] is granted because this Court lacks subject matter jurisdiction. Plaintiffs' Amended Complaint is dismissed without prejudice to allow plaintiffs' to pursue their claims with the adjustment board.

IT IS SO ORDERED.

Date: 9/2/2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge